APPEAL,CLOSED,JURY,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:25−cv−01795−CJN

YANGTZE MEMORY TECHNOLOGIES, INC. et al v. MICRON TECHNOLOGY, INC. et al
Assigned to: Judge Carl J. Nichols
Related Case: 1:25−cv−03554−CJN
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 06/06/2025
Date Terminated: 08/13/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**YANGTZE MEMORY TECHNOLOGIES, INC.**

represented by

**David Eiseman , IV**
50 California St
22nd Floor
San Francisco, CA 94111
415−875−6600
Email: davideiseman@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Schwartz**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street
Los Angeles, CA 90017
213−443−3675
Email: robertschwartz@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron H. Perahia**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017
213−443−3000
Fax: 213−443−3100
Email: aaronperahia@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan Pearson**
QUINN EMANUEL URQUHART & SULLIVAN
300 W. 6th
Suite 2010

Austin, TX 78701
915−588−9686
Email: evanpearson@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hayden Little**
QUINN EMANUEL URQUHART &
SULLIVAN LLP
700 Louisiana St.
Suite 3900
Houston, TX 77002
713−221−7000
Email: haydenlittle1@gmail.com
*TERMINATED: 09/18/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jaime Lopez**
QUINN EMANUEL
555 13th Street NW
Suite 600
Washington, DC 20004
202−538−8137
Email: jaimelopez@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel P. Nitze**
QUINN EMANUEL URQUHART &
SULLIVAN LLP
295 5th Ave
New York, NY 10016
212−849−7000
Email: samuelnitze@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Needham**
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW
Suite 600
Washington, DC 20004
202−538−8142
Email: davidneedham@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**YANGTZE MEMORY TECHNOLOGIES CO., LTD** represented by **David Eiseman , IV**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Schwartz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron H. Perahia**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan Pearson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hayden Little**
(See above for address)
*TERMINATED: 09/18/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jaime Lopez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel P. Nitze**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Needham**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MICRON TECHNOLOGY, INC.** represented by **Douglas J. Dixon**
HUESTON HENNIGAN LLP
620 Newport Center Drive
Suite 1300
Newport Beach, CA 92660
949−226−6741
Fax: 888−773−0898
Email: ddixon@hueston.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Sten A. Jensen**
ORRICK, HERRINGTON & SUTCLIFFE, LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
202−339−8400
Fax: 202−339−8500
Email: sjensen@orrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hagan Scotten**
HUESTON HENNIGAN LLP
1 Little W 12th Street
New York, NY 10014
646−930−4046
Email: hscotten@hueston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sourabh Mishra**
HUESTON HENNIGAN LLP
620 Newport Center Drive
Suite 1300
Newport, CA 92660
949−200−6750
Email: smishra@hueston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DCI GROUP AZ, L.L.C.** represented by **Dale Joseph Giali**
KING & SPALDING
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
213−443−4355
Fax: 213−443−4310
Email: dgiali@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lena T. Colin**
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
213−218−4017
Email: lcolin@kslaw.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Langer Resch**
KING AND SPALDING LLP
50 California Street
Suite 3300
San Francisco, CA 94111
415−318−1200
Fax: 415−318−1300
Email: mresch@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Caroline Snell Freeman**
KING & SPALDING
1700 Pennsylvania Ave NW
Ste #900
Washington, DC 20006
202−626−8971
Email: cfreeman@kslaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2025 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 405 receipt number ADCDC−11742491) filed by YANGTZE MEMORY TECHNOLOGIES, INC., YANGTZE MEMORY TECHNOLOGIES CO., LTD. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Summons, # 9 Civil Cover Sheet)(Needham, David) (Entered: 06/07/2025) |
| 06/07/2025 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Needham, David) (Entered: 06/07/2025) |
| 06/09/2025 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: Incorrect civil cover sheet. Please locate the Civil Cover Sheet (JS44) form at www.dcd.uscourts.gov/new−case−forms & file using the event Civil Cover Sheet. Invalid signature. Please file the signed document using the event Errata. All filings must have an original signature or /s/ Attorney Name of the attorney representing the plaintiff and in whose account filing fee was paid, to represent an electronic signature of the filer. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmtm) (Entered: 06/09/2025) |
| 06/09/2025 | 3 | ERRATA by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. re 1 Complaint,. (Needham, David) (Entered: 06/09/2025) |
| 06/09/2025 | 4 | NOTICE OF RELATED CASE by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. re 1 Complaint,. (Needham, David) Modified event title on 6/10/2025 (zmtm). (Entered: 06/09/2025) |

| | | |
|---|---|---|
| 06/10/2025 | | Case Assigned to Judge Carl J. Nichols. (zmtm) (Entered: 06/10/2025) |
| 06/10/2025 | 5 | SUMMONS (2) Issued Electronically as to All Defendants. (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 06/10/2025) |
| 06/10/2025 | 6 | WAIVER OF SERVICE. MICRON TECHNOLOGY, INC. waiver sent on 6/10/2025, answer due 8/9/2025. (Needham, David) (Entered: 06/10/2025) |
| 06/11/2025 | 7 | WAIVER OF SERVICE. DCI GROUP AZ, L.L.C. waiver sent on 6/10/2025, answer due 8/9/2025. (Needham, David) (Entered: 06/11/2025) |
| 06/18/2025 | 8 | STANDING ORDER. Signed by Judge Carl J. Nichols on June 18, 2025. (lccjn2) (Entered: 06/18/2025) |
| 07/09/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Evan Zachary Pearson, Filing fee $ 100, receipt number ADCDC−11807735. Fee Status: Fee Paid. by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Declaration of Evan Zachary Pearson, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Needham, David) (Entered: 07/09/2025) |
| 07/09/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Aaron H. Perahia, Filing fee $ 100, receipt number ADCDC−11807686. Fee Status: Fee Paid. by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Declaration of Aaron H. Perahia, # 2 Certificate of Standing, # 3 Text of Proposed Order)(Needham, David) (Entered: 07/09/2025) |
| 07/09/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Hayden Alan Little, Filing fee $ 100, receipt number ADCDC−11807946. Fee Status: Fee Paid. by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Declaration of Hayden Alan Little, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Needham, David) (Entered: 07/09/2025) |
| 07/10/2025 | 12 | NOTICE of Appearance by Robert Schwartz on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Schwartz, Robert) (Entered: 07/10/2025) |
| 07/17/2025 | | MINUTE ORDER. The Court having considered the 9 10 and 11 Motions for Leave to Appear Pro Hac Vice, and it appearing to the Court that the attorneys referenced therein meet the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the attorneys referenced in the motions are hereby ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on July 17, 2025. (lccjn2) (Entered: 07/17/2025) |
| 07/22/2025 | 13 | NOTICE of Appearance by Aaron H. Perahia on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Perahia, Aaron) (Entered: 07/22/2025) |
| 07/22/2025 | 14 | NOTICE of Appearance by Evan Pearson on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Pearson, Evan) (Entered: 07/22/2025) |

| | | |
|---|---|---|
| 07/22/2025 | 15 | NOTICE of Appearance by Hayden Little on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Little, Hayden) (Entered: 07/22/2025) |
| 08/07/2025 | 16 | NOTICE of Appearance by Sten A. Jensen on behalf of MICRON TECHNOLOGY, INC. (Jensen, Sten) (Entered: 08/07/2025) |
| 08/07/2025 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Hagan Scotten, Filing fee $ 100, receipt number ADCDC−11874008. Fee Status: Fee Paid. by MICRON TECHNOLOGY, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Jensen, Sten) (Entered: 08/07/2025) |
| 08/07/2025 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Sourabh Mishra, Filing fee $ 100, receipt number ADCDC−11874037. Fee Status: Fee Paid. by MICRON TECHNOLOGY, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Jensen, Sten) (Entered: 08/07/2025) |
| 08/11/2025 | | MINUTE ORDER. The Court having considered the 17 and 18 Motions for Leave to Appear Pro Hac Vice, and it appearing to the Court that the attorneys referenced therein meet the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motions are GRANTED. It is further ORDERED that the attorneys referenced in the Motions are hereby ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 8/11/25. (lccjn1) (Entered: 08/11/2025) |
| 08/11/2025 | 19 | NOTICE of Appearance by Dale Joseph Giali on behalf of DCI GROUP AZ, L.L.C. (Giali, Dale) (Entered: 08/11/2025) |
| 08/11/2025 | 20 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DCI GROUP AZ, L.L.C. (Giali, Dale) (Entered: 08/11/2025) |
| 08/11/2025 | 21 | MOTION to Dismiss *Complaint and Joinder in the Motion to Dismiss Filed by Defendant Micron Technology, Inc.* by DCI GROUP AZ, L.L.C.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 [Proposed] Order)(Giali, Dale) (Entered: 08/11/2025) |
| 08/12/2025 | 22 | NOTICE of Appearance by Hagan Scotten on behalf of MICRON TECHNOLOGY, INC. (Scotten, Hagan) (Entered: 08/12/2025) |
| 08/12/2025 | 23 | NOTICE of Appearance by Sourabh Mishra on behalf of MICRON TECHNOLOGY, INC. (Mishra, Sourabh) (Entered: 08/12/2025) |
| 08/12/2025 | 24 | MOTION to Dismiss by MICRON TECHNOLOGY, INC.. (Attachments: # 1 Memorandum in Support Memo of Law iso Micron Motion to Dismiss, # 2 Text of Proposed Order [Proposed] Order Granting Micron's MTD)(Scotten, Hagan) Modified event on 8/19/2025 (znmw). (Entered: 08/12/2025) |
| 08/12/2025 | 25 | NOTICE *of Service of MTD* by MICRON TECHNOLOGY, INC. re 24 Motion for Order,, Motion to Dismiss, (Mishra, Sourabh) (Entered: 08/12/2025) |
| 08/12/2025 | 28 | NOTICE of Documents filed via Dropbox by MICRON TECHNOLOGY, INC. re 25 Notice of Service of MTD (zjm) Modified link on 8/21/2025 (znmw). (Entered: 08/19/2025) |

| | | |
|---|---|---|
| 08/13/2025 | 26 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by MICRON TECHNOLOGY, INC. (Mishra, Sourabh) (Entered: 08/13/2025) |
| 08/15/2025 | 27 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− David E. Eiseman, Filing fee $ 100, receipt number ADCDC−11891470. Fee Status: Fee Paid. by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Declaration of David Eiseman, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Needham, David) (Entered: 08/15/2025) |
| 08/21/2025 | 29 | NOTICE of Appearance by David Needham on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Needham, David) (Entered: 08/21/2025) |
| 08/21/2025 | 30 | Joint MOTION for Extension of Time to File *oppositions and replies to the motions to dismiss* by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Text of Proposed Order)(Needham, David) (Entered: 08/21/2025) |
| 08/22/2025 | | MINUTE ORDER. The 30 Joint Motion for Extension of Time is GRANTED. Plaintiffs shall file their responses to the 21 and 24 Motions to Dismiss on or before September 24, 2025. Defendants shall file their replies on or before October 15, 2025. So ORDERED by Judge Carl J. Nichols on 08/22/2025. (lccjn2) (Entered: 08/22/2025) |
| 08/25/2025 | | MINUTE ORDER. The Court having considered the 27 Motion for Leave to Appear Pro Hac Vice, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the attorney referenced in the Motion is hereby ADMITTED to practice before the Court pro hac vice. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 08/25/2025. (lccjn2) (Entered: 08/25/2025) |
| 08/27/2025 | 31 | NOTICE of Appearance by David Eiseman, IV on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Eiseman, David) (Entered: 08/27/2025) |
| 09/03/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Douglas James Dixon, Filing fee $ 100, receipt number ADCDC−11932020. Fee Status: Fee Paid. by MICRON TECHNOLOGY, INC.. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Jensen, Sten) (Entered: 09/03/2025) |
| 09/10/2025 | | MINUTE ORDER. The Court having considered the 32 Motion for Leave to Appear Pro Hac Vice, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the attorney referenced in the Motion is hereby ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 09/10/2025. (lccjn2) (Entered: 09/10/2025) |
| 09/17/2025 | 33 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY |

| | | |
|---|---|---|
| | | TECHNOLOGIES, INC.. Attorney Hayden Little terminated. (Needham, David) Modified on 9/18/2025, pursuant to Counsel (mg). (Entered: 09/17/2025) |
| 09/18/2025 | 34 | NOTICE OF WITHDRAWAL OF APPEARANCE as to YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. Attorney Hayden Little terminated. (Needham, David) (Entered: 09/18/2025) |
| 09/24/2025 | 35 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Lena Ting Ti Wong Colin, Fee Status: No Fee Paid. by DCI GROUP AZ, L.L.C.. (Attachments: # 1 Declaration of Lena T. Colin, # 2 Certificate of Good Standing, # 3 Proposed Order)(Giali, Dale) (Entered: 09/24/2025) |
| 09/24/2025 | 36 | Memorandum in opposition to re 24 MOTION to Dismiss filed by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Schwartz, Robert) (Entered: 09/24/2025) |
| 09/24/2025 | 37 | Memorandum in opposition to re 21 MOTION to Dismiss *Complaint and Joinder in the Motion to Dismiss Filed by Defendant Micron Technology, Inc.* filed by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Proposed Order)(Schwartz, Robert) (Entered: 09/24/2025) |
| 10/02/2025 | 38 | NOTICE of Appearance by Douglas J. Dixon on behalf of MICRON TECHNOLOGY, INC. (Dixon, Douglas) (Entered: 10/02/2025) |
| 10/02/2025 | | NOTICE OF ERROR regarding 35 MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Lena Ting Ti Wong Colin, Fee Status: No Fee Paid.. The following error(s) need correction: Pro Hac Vice filing fee ($100) not paid. Please remit payment using the event Payment of Fee−Pro Hac Vice. (znmw) (Entered: 10/02/2025) |
| 10/07/2025 | | Payment for 35 MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Lena Ting Ti Wong Colin, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC−12008443). (Giali, Dale) (Entered: 10/07/2025) |
| 10/14/2025 | | MINUTE ORDER. The Court having considered the 35 Motion for Leave to Appear Pro Hac Vice and subsequent payment, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the attorney referenced in the Motion is hereby ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 10/14/2025. (lccjn2) (Entered: 10/14/2025) |
| 10/15/2025 | 39 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Samuel P. Nitze, Filing fee $ 100, receipt number ADCDC−12023770. Fee Status: Fee Paid. by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Declaration of Samuel P. Nitze, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Needham, David) (Entered: 10/15/2025) |
| 10/15/2025 | 40 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jaime L. Lopez, Filing fee $ 100, receipt number ADCDC−12023792. Fee Status: Fee Paid. by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Declaration of Jaime L. Lopez, # 2 Certificate of Good |

| | | |
|---|---|---|
| | | Standing, # 3 Text of Proposed Order)(Needham, David) (Entered: 10/15/2025) |
| 10/15/2025 | 41 | REPLY to opposition to motion re 24 Motion to Dismiss, filed by MICRON TECHNOLOGY, INC.. (Dixon, Douglas) (Entered: 10/15/2025) |
| 10/15/2025 | 42 | REPLY to opposition to motion re 21 Motion to Dismiss *and Joinder in the Reply Memorandum Filed by Defendant Micron Technology, Inc. in Support of its Motion to Dismiss* filed by DCI GROUP AZ, L.L.C.. (Giali, Dale) (Entered: 10/15/2025) |
| 10/20/2025 | | MINUTE ORDER. The Court having considered the 39 and 40 Motions for Leave to Appear Pro Hac Vice, and it appearing to the Court that the attorneys referenced therein meet the requirements for pro hac vice admission under Local Civil Rule 83.2(c), it is hereby ORDERED that the Motions are GRANTED. It is further ORDERED that the attorneys referenced in the Motions are hereby ADMITTED to practice before the Court pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 10/20/2025. (lccjn2) (Entered: 10/20/2025) |
| 10/21/2025 | 43 | NOTICE of Appearance by Samuel P. Nitze on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Nitze, Samuel) (Entered: 10/21/2025) |
| 10/21/2025 | 44 | NOTICE of Appearance by Jaime Lopez on behalf of YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC. (Lopez, Jaime) (Entered: 10/21/2025) |
| 10/23/2025 | 45 | NOTICE of Appearance by Lena T. Colin on behalf of DCI GROUP AZ, L.L.C. (Colin, Lena) (Entered: 10/23/2025) |
| 10/23/2025 | 46 | NOTICE of Appearance by Michael Langer Resch on behalf of DCI GROUP AZ, L.L.C. (Resch, Michael) (Entered: 10/23/2025) |
| 10/28/2025 | 47 | MOTION for Leave to File *Sur−Reply to Defendants' Replies in Support of Their Motions to Dismiss* by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Attachments: # 1 Text of Proposed Order)(Lopez, Jaime) (Entered: 10/28/2025) |
| 10/29/2025 | 48 | ENTERED IN ERROR.....Memorandum in opposition to re 47 MOTION for Leave to File *Sur−Reply to Defendants' Replies in Support of Their Motions to Dismiss* filed by MICRON TECHNOLOGY, INC.. (Attachments: # 1 Exhibit A)(Mishra, Sourabh) Modified on 10/30/2025 (znmw). (Entered: 10/29/2025) |
| 10/30/2025 | | NOTICE OF ERROR regarding 48 Memorandum in Opposition. The following error(s) need correction: Incorrect format (Letter)− correspondence is not permitted (LCvR 5.1(a)). Please refile. (znmw) (Entered: 10/30/2025) |
| 10/30/2025 | 49 | Memorandum in opposition to re 47 MOTION for Leave to File *Sur−Reply to Defendants' Replies in Support of Their Motions to Dismiss* filed by MICRON TECHNOLOGY, INC.. (Attachments: # 1 Exhibit A)(Mishra, Sourabh) (Entered: 10/30/2025) |
| 11/03/2025 | 50 | NOTICE of Appearance by Emily Caroline Snell Freeman on behalf of DCI GROUP AZ, L.L.C. (Freeman, Emily) (Entered: 11/03/2025) |
| 11/03/2025 | 51 | |

| | | |
|---|---|---|
| | | RESPONSE re 47 MOTION for Leave to File *Sur−Reply to Defendants' Replies in Support of Their Motions to Dismiss* filed by DCI GROUP AZ, L.L.C.. (Attachments: # 1 Exhibit A, # 2 [Proposed] Order)(Resch, Michael) (Entered: 11/03/2025) |
| 11/05/2025 | 52 | REPLY to opposition to motion re 47 Motion for Leave to File *Sur−Reply to Defendants' Replies in Support of Their Motions to Dismiss* filed by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. (Needham, David) (Entered: 11/05/2025) |
| 04/16/2026 | | MINUTE ORDER. It is hereby ORDERED that the Parties shall appear for oral argument on the 21 and 24 Motions to Dismiss at 10:00 AM on May 13, 2026, in Courtroom 17. So ORDERED by Judge Carl J. Nichols on 04/16/2026. (lccjn2) (Entered: 04/16/2026) |
| 05/13/2026 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Motion Hearing held on 5/13/2026 re Motions 22 and 23 in 1:25−cv−03554−CJN and 21 and 24 in 1:25−cv−01795−CJN. Motions Taken Under Advisement. Further Order(s) and Opinion(s) to be issued by the Court. Court Reporter: Sonja Reeves. (zcam) (Entered: 05/13/2026) |
| 05/15/2026 | 53 | TRANSCRIPT OF MOTION HEARING before Judge Carl J. Nichols held on May 13, 2026; Page Numbers: 1−79. Court Reporter Sonja L. Reeves, RDR, CRR, Telephone number (202) 354−3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2026. Redacted Transcript Deadline set for 6/15/2026. Release of Transcript Restriction set for 8/13/2026.(Reeves, Sonja) (Entered: 05/15/2026) |
| 08/13/2026 | 54 | MEMORANDUM OPINION. Signed by Judge Carl J. Nichols on 08/13/2026. (lccjn2) (Entered: 08/13/2026) |
| 08/13/2026 | 55 | ORDER granting 21 and 24 Motions to Dismiss and denying 47 Motion for Leave to File a Sur−Reply. This is a final, appealable Order. The Clerk of Court is DIRECTED to terminate this case. Signed by Judge Carl J. Nichols on 08/13/2026. (lccjn2) (Entered: 08/13/2026) |
| 08/24/2026 | 56 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 55 Order on Motion for Leave to File, Order on Motion to Dismiss, by YANGTZE MEMORY TECHNOLOGIES CO., LTD, YANGTZE MEMORY TECHNOLOGIES, INC.. Filing fee $ 605, receipt number ADCDC−12628711. Fee Status: Fee Paid. (Schwartz, Robert) (Entered: 08/24/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES, INC. and YANGTZE MEMORY TECHNOLOGIES CO., LTD.<br><br>Plaintiffs,<br>-v.-<br><br>MICRON TECHNOLOGY, INC. and DCI GROUP AZ, L.L.C.,<br><br>Defendants. | Civil Action No. 1:25-cv-01795 (CJN) |

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Plaintiffs Yangtze Memory Technologies, Inc. and Yangtze Memory Technologies Co., Ltd. appeal to the U.S. Court of Appeals for the District of Columbia Circuit from the final Order entered August 13, 2026 (ECF 55), and each and every part thereof.

Dated: August 24, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

*/s/ Robert Schwartz*

David Needham (D.C. Bar No. 1017372)
Jaime Lopez (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
davidneedham@quinnemanuel.com
jaimelopez@quinnemanuel.com

Evan Pearson (*pro hac vice*)
300 West Sixth Street, Suite 2010
Austin, Texas 78701-3901
(737) 667-6100
evanpearson@quinnemanuel.com

Robert Schwartz (D.C. Bar No. 412049)
Aaron Perahia (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000
robertschwartz@quinnemanuel.com
aaronperahia@quinnemanuel.com

David Eiseman (*pro hac vice*)
50 California Street, 22nd Floor
San Francisco, California 94111-4788
(415) 875-6600
davideiseman@quinnemanuel.com

*Attorneys for Plaintiffs Yangtze Memory Technologies, Inc. and Yangtze Memory Technologies Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-01795 (CJN) |

## ORDER

For the reasons given in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Micron's and DCI's Motions to Dismiss, ECF 21; ECF 24, are **GRANTED**; and it is further

**ORDERED** that YMTC's Motion for Leave to File a Sur-Reply, ECF 47, is **DENIED**; and it is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

This is a final, appealable Order.

The Clerk of Court is **DIRECTED** to terminate this case.

DATE: August 13, 2026

CARL J. NICHOLS
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-01795 (CJN) |

**MEMORANDUM OPINION**

Yangtze Memory Technologies, Inc., and Yangtze Memory Technologies Co., Ltd., (collectively, YMTC) claim that Micron Technology, Inc., and DCI Group AZ, LLC, violated the Lanham Act, 15 U.S.C. § 1125(a), by running an astroturfing campaign that discouraged customers from purchasing memory chips from YMTC due to its connections to the Chinese government. ECF 1. Micron and DCI move to dismiss. ECF 21; ECF 24. Because the publications that YMTC challenges do not constitute commercial speech—and therefore cannot be the basis for Lanham Act liability—the Court grants those motions.

**I. Background**

Headquartered in Wuhan, China, Yangtze Memory Technologies Co., Ltd., "is a leading developer and manufacturer of advanced 3D NAND flash memory and related storage technologies."[1] ECF 1 ¶ 21. Its U.S.-based subsidiary, Yangtze Memory Technologies, Inc., manages YMTC's American presence and business development. *Id.* ¶ 22. "YMTC has

[1] "[O]n a motion to dismiss," the Court of course "accept[s] as true the well-pleaded factual allegations of the complaint." *Davis v. Billington*, 681 F.3d 377, 379 (D.C. Cir. 2012).

successfully designed and manufactured 3D NAND flash memory chips that set new benchmarks for bit density, input/output performance, and storage capacity." *Id.* ¶ 31. Enticed by these technological advancements and lower prices, Apple selected YMTC to be its supplier of advanced memory chips in 2022.[2] *Id.* ¶¶ 19, 34.

Micron competes against YMTC in the market for memory chips. *Id.* ¶ 2. "[T]hreatened by YMTC's ascension," Micron worked with DCI, a public affairs firm, "to erect a sophisticated . . . 'astroturfing' campaign . . . to damage YMTC's reputation and business for their own profit." *Id.* ¶¶ 2, 7, 23. It funded a website called China Tech Threat that "purport[ed] to be focused on policy" but was actually a front "to disseminate favorable messages about Micron's products and disparaging messages about YMTC's competing products." *Id.* ¶¶ 8–10.

In September 2020, China Tech Threat began its "disinformation campaign." *Id.* ¶ 12. A January 2021 blog post titled "As YMTC Booms, China Aims to Dominate Flash Memory Industry" asserted that YMTC was associated with "criminal activity, including a Social Security spoofing scam, identity theft and cyber extortion." *Id.* ¶ 12 & n.4 (quoting ECF 1-3 at 2). And a June 2022 report titled "Silicon Sellout: How Apple's Partnership with Chinese Military Chip Maker YMTC Threatens American National Security" implored "Apple to voluntarily end its partnership with YMTC" and "source its chips from existing suppliers like Micron." *Id.* ¶ 13 (alterations adopted) (quoting ECF 1-4 at 4).

YMTC alleges that China Tech Threat's "false and misleading statements caused YMTC to lose significant business opportunities and derailed ongoing negotiations with major customers

---

[2] The complaint refers to the large customer in question generically as "OEM Customer #1." *See, e.g.*, ECF 1 ¶ 34. "OEM Customer #1" appears to be Apple given that YMTC challenges a publication that criticizes the deal between YMTC and Apple, *see id.* ¶ 13, and YMTC does not deny Micron's assertion that "OEM Customer #1 refers to Apple," ECF 24-1 at 28.

and technical partners." *Id.* ¶ 60. Most notably, Apple suspended its plans to purchase chips from YMTC in October 2022, resulting in "hundreds of millions of dollars in lost revenue." *Id.* ¶ 61. The astroturfing campaign also "inflicted lasting damage on YMTC's reputation and commercial standing across the technology sector." *Id.* ¶ 62.

In June 2025, YMTC filed this suit. ECF 1. Citing five statements from the China Tech Threat publications, YMTC raises claims of direct and contributory liability under the Lanham Act, which "prohibits deceptive trade practices such as false advertising and trademark infringement." *Farah v. Esquire Mag.*, 736 F.3d 528, 540 (D.C. Cir. 2013). Micron and DCI move to dismiss. ECF 21; ECF 24. Although they make other arguments, both contend that dismissal is required because the challenged publications are not commercial speech and are therefore not actionable under the Lanham Act.

## II. Article III Standing

The Court begins, as it must, with jurisdiction. "Because Article III limits the constitutional role of the federal judiciary to resolving cases and controversies, a showing of standing is an essential and unchanging predicate to any exercise of [the Court's] jurisdiction." *Nat. Res. Def. Council v. EPA*, 755 F.3d 1010, 1016 (D.C. Cir. 2014) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc)). Article III standing requires that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Causation requires that the injury is "fairly traceable to the challenged

action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations adopted) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)). And "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (quoting *Simon*, 426 U.S. at 38, 43).

DCI (but not Micron) contends that YMTC has failed to adequately allege that it has Article III standing.[3] ECF 21 at 7–11. As for injury in fact, YMTC alleges that "Defendants' false and misleading statements caused [it] to lose significant business opportunities and derailed ongoing negotiations with major customers and technical partners." ECF 1 ¶ 60. It details a specific example of Micron's and DCI's alleged actions causing it to lose a major customer: Apple. *Id.* ¶ 61. And YMTC explains that it "suffered substantial financial harm, including lost sales, forfeited market opportunities, and increased mitigation costs" and "lasting damage on [its] reputation and commercial standing across the technology sector." *Id.* ¶ 62. Given that "[e]conomic harm to a business clearly constitutes an injury-in-fact," *Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 5 (D.C. Cir. 2017); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (agreeing that "allegations of lost sales and damage to its business reputation give [a plaintiff] standing under Article III"), these allegations more than suffice. DCI's

[3] Micron does not argue that YMTC lacks Article III standing. *See* ECF 24-1. Nonetheless, "it is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). For the same reasons that YMTC has adequately pleaded that it has standing to pursue its claims against DCI, it also has adequately pleaded that it has standing to sue Micron. Indeed, YMTC alleges that Micron was the mastermind behind the scheme to injure it. *See* ECF 1 ¶ 24 (asserting that Micron "collaborated with DCI's co-located operations to plan, fund, direct, and oversee the challenged campaign, using DCI as its agent and instrumentality to execute a coordinated effort to damage YMTC's competitive standing while shielding Micron's own direct involvement").

suggestion—based on an outdated, out-of-circuit district court decision, *see Stahl L. Firm v. Judicate W.*, No. 13-cv-1668, 2013 WL 4873065, at *3, *6 (N.D. Cal. Sept. 12, 2013)—that YMTC must plead a competitive injury lacks any basis in the standard for pleading an injury in fact.

"Causation, or 'traceability,' examines whether it is substantially probable . . . that the challenged acts of the defendant, not of some absent third party, . . . cause[d] the particularized injury of the plaintiff." *Fla. Audubon Soc'y*, 94 F.3d at 663 (citation omitted). "It may be enough," however, "that the defendant's conduct is one among multiple causes." *Orangeburg v. FERC*, 862 F.3d 1071, 1080 (D.C. Cir. 2017) (quoting 13A Wright & Miller's Federal Practice & Procedure § 3531.5 (3d ed. 2008)). At the pleading stage, a plaintiff's "burden" to establish that its "injury is 'fairly traceable' to" the defendant's conduct "is relatively modest."[4] *Bennett v. Spear*, 520 U.S. 154, 171 (1997); *accord In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 61 (D.C. Cir. 2019).

YMTC pleads a plausible chain of events that links DCI's actions to YMTC's injuries. The complaint alleges that DCI directed China Tech Treat to publish a report in April 2022 that "implore[d] 'Apple to voluntarily end its partnership with YMTC' and 'source its chips from existing suppliers like Micron.'" ECF 1 ¶ 13 (alterations adopted) (quoting ECF 1-4 at 4); *see also id.* ¶¶ 8–10, 23–24, 37–38 (alleging facts about DCI's connections to China Tech Threat and Micron). It details how "[a]fter Defendants intensified their disinformation campaign in mid-2022—specifically targeting this relationship with fabricated security allegations—[Apple]

[4] DCI repeatedly relies on the Fifth Circuit's decision in *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, to support its argument that YMTC cannot meet the causation requirement. 301 F.3d 329 (5th Cir. 2002). But that case was decided on summary judgment, which requires a higher evidentiary burden for establishing standing than on a motion to dismiss. *Id.* at 332–33.

suspended and ultimately abandoned plans to use YMTC chips as of October 2022." *Id.* ¶ 61; *see also id.* ¶ 62 (alleging "lasting damage on YMTC's reputation and commercial standing across the technology sector" more broadly). And it bolsters the link by asserting that "[t]his deception directly influenced and w[as] likely to influence the purchasing decisions of these audiences, causing them to refrain from purchasing products with YMTC chips and from doing business with YMTC, thereby directly and foreseeably harming YMTC's sales, revenue, and market share." *Id.* ¶ 70. Accepting these allegations as true—which the Court must do at this stage—"it is substantially probable . . . that the challenged acts of the defendant . . . cause[d] the particularized injury of the plaintiff." *Fla. Audubon Soc'y*, 94 F.3d at 663.

DCI's objection that warnings from sources other than China Tech Threat were the actual cause of YMTC's losses is premature and overstated.[5] DCI emphasizes that "the statements making up the alleged disinformation campaign allegedly impacting [Apple]'s decision-making . . . appeared in several other more prominent publications that are completely unaffiliated with DCI." ECF 21 at 10. "But the existence of, perhaps, an equally important player in the story does not erase [DCI]'s role." *Orangeburg*, 862 F.3d at 1080. On the facts as pleaded, it is plausible that YMTC's injuries are fairly traceable to DCI's alleged disinformation campaign—especially given that several of the statements cited by DCI as evidence of intervening causes postdate Apple's decision to suspend its deal with YMTC. *Compare* ECF 1 ¶ 61 (Apple abandons plans to

[5] YMTC moves for leave to file a sur-reply in part on the ground that DCI improperly raised a new argument about causation by citing additional pages of a June 2021 White House report in its reply. ECF 47 at 2–4. The Court denies that request because DCI's reliance on additional statements in the report—which was attached in full to DCI's motion—was not a "truly new" argument. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). And, in any event, as explained below, YMTC pleads enough at this stage to plausibly suggest that its injuries are fairly traceable to DCI's conduct even if there were other sources raising similar concerns about YMTC's connections to China.

use YMTC chips in October 2022), *with* ECF 21-1 at 3 (entity list designation from December 2022), *and* ECF 21-3 at 2 (Department of Defense publication from January 2024). Although more evidence that the China Tech Threat publications, rather than other sources, caused customers not to do business with YMTC would likely be needed to establish standing at a later stage of the case, *see Lujan*, 504 U.S. at 561 ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."), YMTC has met its present burden.

## III. Merits

The Lanham Act imposes liability on "[a]ny person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1). "Every circuit court of appeals to address the scope of these provisions has held that they apply only to commercial speech." *Farah*, 736 F.3d at 541. This limitation is based on the Lanham Act's text restricting liability to only where a speaker "uses in commerce" a "false or misleading description of fact, or false or misleading representation of fact" "in connection with any goods or services," 15 U.S.C. § 1125(a)(1), and the constitutional concern that "tak[ing] in broad swaths of noncommercial

speech would . . . 'intrude on First Amendment values,'" *Radiance Found., Inc. v. NAACP*, 786 F.3d 316, 322 (4th Cir. 2015) (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 998 (2d Cir. 1989)). And, in any event, YMTC does not dispute that Micron and DCI can be liable under the Lanham Act only for commercial speech.[6]

"Whatever the commercial speech doctrine entails, commercial advertising is at least at the heart of the matter." *Nat'l Ass'n of Mfrs. v. SEC*, 800 F.3d 518, 523 n.12 (D.C. Cir. 2015); *see also Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983) ("[T]he core notion of commercial speech . . . [is] 'speech which does no more than propose a commercial transaction.'" (quoting *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 762 (1976))). "Commercial speech is defined as 'expression related solely to the economic interests of the speaker and its audience' or 'speech proposing a commercial transaction.'" *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1143 (D.C. Cir. 2009) (quoting *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 561–62 (1980)). "In addition to information related to proposing a particular transaction, such as price, it can include material representations about the efficacy, safety, and quality of the advertiser's product, and other information asserted for the purpose of persuading the public to purchase the product." *Id.* When evaluating whether a particular publication is commercial speech, the Court considers "the nature of the speech taken as a whole." *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 796 (1988); *see also Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 957 (9th Cir. 2012) ("When analyzing mixed-

---

[6] Although DCI raises a "statutory standing" argument in addition to its Article III standing argument, ECF 21 at 11–15, the Court need not (and does not) address that contention before analyzing the merits of the commercial speech issue. Despite its "misleading" label, the "statutory standing" inquiry merely asks the nonjurisdictional question whether there is "a cause of action under the statute." *Lexmark*, 572 U.S. at 128 & n.4.

content publications, . . . courts must determine as a threshold matter if a publication *as a whole* constitutes commercial speech." (emphasis added)).

As noted above, YMTC raises Lanham Act claims based on two publications from China Tech Threat. It takes issue with a 20-page report from June 2022 titled "Silicon Sellout" that detailed "how Apple's partnership with Chinese military chip maker YMTC threatens American national security." ECF 1-4 at 2. It also objects to a short blog post from January 2021 titled "As YMTC Booms, China Aims to Dominate Flash Memory Industry," which warned that "state-sponsored growth could position the People's Republic of China to unseat the United States as a leader in next-generation flash memory." ECF 1-3 at 2. Within these publications, YMTC claims that five statements are false and/or misleading:

- "YMTC is associated with criminal activity, including a Social Security spoofing scam, identity theft, and cyber extortion."
- "YMTC chips equipped with spyware and installed on Apple devices could funnel collected data back to Beijing."
- "YMTC chips . . . present the possibility that malicious technology . . . from the Chinese military could be introduced to Apple end-users."
- "YMTC chips could be . . . intentionally compromised with rogue features . . . . These built-in and concealed vulnerabilities would not be detected during manufacturing. They could be exploited . . . to disrupt performance or exfiltrate data."
- "Electronics with embedded chips are enabled with a 'kill switch' . . . . Such features, under Chinese military production, could be enabled . . . to shut down remotely by an unauthorized Chinese government actor."

ECF 1 ¶¶ 66, 80 (alterations in original). YMTC also makes much of the 2022 report's statement that "[i]deally Apple will voluntarily end its partnership with YMTC" and instead "can source its chips from existing suppliers like Micron, Kioxia, Samsung, SK Hynix, Western Digital, and Intel." ECF 1-4 at 4. But it does not argue—nor could it given the prescriptive and observational

nature of the comment—that this statement is false or misleading for purposes of Lanham Act liability.

Micron and DCI argue that the China Tech Threat publications (and the challenged statements therein) are not commercial speech. The Court agrees, whatever the formulation of the doctrine. Most obviously, the 2021 blog post and 2022 report do not constitute "expression related *solely* to the economic interests of the speaker and its audience." *Philip Morris*, 566 F.3d at 1143 (emphasis added) (quoting *Cent. Hudson*, 447 U.S. at 561). The blog post warned about the risk of China overtaking the United States in the flash memory industry and accordingly encouraged the Trump administration "to implement controls to stop the flow of [semiconductor manufacturing equipment] to China." ECF 1-3 at 2–3. Given this clear focus on national security concerns, the post was not primarily—much less solely—about economic interests. As for the report, although it at least arguably contained some references to economic competitors in the chip industry, the vast majority of it either outlined the foreign policy risks of the deal between YMTC and Apple or proposed potential solutions to mitigate those risks. *See* ECF 1-4 at 7–17. The report mentioned that the deal may have economic implications, but it was far from solely focused on that aspect.

The publications in question also do not amount to "speech proposing a commercial transaction." *Philip Morris*, 566 F.3d at 1143 (quoting *Cent. Hudson*, 447 U.S. at 562). In *Bolger v. Youngs Drug Products Corp.*, the Supreme Court laid out three relevant considerations for evaluating whether a publication "fall[s] within the core notion of commercial speech—'speech which does no more than propose a commercial transaction'": (1) whether the speech is "conceded to be [an] advertisement[]," (2) whether the speech "refer[s] to a specific product," and (3) whether the speaker had "an economic motivation." 463 U.S. at 66–67 (quoting *Va. State Bd.*, 425 U.S. at

762). Once again, the 2021 blog post fails this test. The post was a warning and call-to-action for the government to stop China, not an advertisement about YMTC or its products.[7] To be sure, it did state that "YMTC is focused on 128-layer and 196-layer chips," but it did so to flag the company's growing market share rather than to promote or disparage those particular products. ECF 1-3 at 2 (citation and internal quotation marks omitted). And even if Micron, through DCI and China Tech Threat, would potentially benefit financially from seeing its competitor's reputation suffer, that general economic motivation cannot alone transform the specific means at issue here—a blog post flagging national security concerns—into commercial speech. *See Taucher v. Born*, 53 F. Supp. 2d 464, 480 (D.D.C. 1999) ("Speech is not automatically considered commercial . . . simply because it concerns economic subjects or is sold for a profit." (citation and internal quotation marks omitted)).

The 2022 report is similarly not "speech proposing a commercial transaction." *Philip Morris*, 566 F.3d at 1143 (quoting *Cent. Hudson*, 447 U.S. at 562). The report was a policy paper, not an advertisement. *See Bolger*, 463 U.S. at 66. Given that "commercial advertising is at least at the heart of" "the commercial speech doctrine," *Nat'l Ass'n of Mfrs.*, 800 F.3d at 523 n.12, this non-advertising medium strongly counsels against YMTC's position. Next, all the statements within the report that YMTC decries as false or misleading discussed potential risks of "YMTC chips" generally. *See* ECF 1-4 at 5, 10–11. It is doubtful that those references to a category of

[7] The other part of YMTC's motion for leave to file a sur-reply, ECF 47 at 4–6, argues that Micron changed its position in reply by stating that "[t]he first *Bolger* factor asks whether the articles 'are advertisements as that term is commonly understood,'" ECF 41 at 9 (quoting *Wash. Legal Found. v. Friedman*, 13 F. Supp. 2d 51, 64 (D.D.C. 1998)). The Court also denies YMTC's request on this issue. Micron could not and did not abandon the correct legal test, which is established by *Bolger* itself, and it was not a "truly new" argument for Micron to contend that the China Tech Threat publications were not advertisements under the ordinary meaning of that term, *Pogue*, 238 F. Supp. 2d at 277.

products satisfy *Bolger*'s second element, which concerns "reference[s] to a *specific* product." 463 U.S. at 66 (emphasis added). And, once more, any potential economic motivation Micron might have had for indirectly criticizing YMTC is not enough to transform a policy-focused publication not "made in the context of commercial transactions" into commercial speech. *Id.* at 68.

Ultimately, the publications are "political speech expressing a point of view, not commercial speech attempting to promote a good or service." *Nichols v. Club for Growth Action*, 235 F. Supp. 3d 289, 298 (D.D.C. 2017). Both lacked the hallmarks of advertising. They instead contained several indicators of advocacy, including calling for government—not consumer—action, *see, e.g.*, ECF 1-3 at 2 ("*The Trump administration* still has time to implement controls to stop the flow of SME to China . . . ." (emphasis added)); *id.* at 3 ("*[T]he United States* should restrict and 'decouple' its entire semiconductor industry from the People's Republic of China." (emphasis added)); ECF 1-4 at 4 ("[T]he report describes how *US policymakers* must restrict technology exports to and imports from YMTC." (emphasis added)), and providing policy—rather than purchase—recommendations, *see, e.g.*, ECF 1-3 at 3 (warning of "China's express strategy of Military-Civil Fusion for obtaining sensitive dual-use technology"); ECF 1-4 at 5 ("[I]ncreasing chip production in China runs counter to the strategy proposed by the U.S. Departments of Homeland Security and Commerce to mitigate information and communications technology (ICT) production risk and strengthen supply chain resiliency."); *id.* at 10 ("The Apple-YMTC deal presents risks to security, privacy, technology leadership, supply chain, and jobs."). YMTC's attempt to focus on only four statements out of a 20-page report and one sentence out of a two-page blog post cannot overcome the overwhelmingly political nature of the publications.[8] *See*

[8] That the China Tech Threat publications were forms of political advocacy also distinguishes this case from *Ariix, LLC v. NutriSearch Corp.*, which concerned a review guide "that compares and

*Riley*, 487 U.S. at 796 ("[W]e do not believe that the speech retains its commercial character when it is inextricably intertwined with otherwise fully protected speech.").

### IV. Leave to Amend

YMTC requests that the Court grant leave to amend if it finds a deficiency in the complaint. ECF 36 at 42; ECF 37 at 31–32. The Court declines to do so. To start, YMTC's request appears procedurally improper because it provides no specifics as to how amendment could cure the defects identified above. As the Court of Appeals has explained, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion [to amend] within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (citation omitted). In any event, leave to amend is not appropriate here because amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (listing "futility" as one of the reasons that leave to amend should not be freely given). The publications are noncommercial speech regardless of how an amended complaint might characterize them, and YMTC would therefore be unable to state a claim for relief under the Lanham Act even if the Court permitted amendment.

### V. Conclusion

For the foregoing reasons, the Court grants Micron's and DCI's motions to dismiss, ECF 21; ECF 24, and denies YMTC's motion for leave to file a sur-reply, ECF 47. The Court will issue an Order contemporaneously with this Memorandum Opinion.

---

reviews nutritional supplements sold in the direct marketing industry"—a much more commercial publication. 985 F.3d 1107, 1111 (9th Cir. 2021).

DATE: August 13, 2026

CARL J. NICHOLS
United States District Judge